70 F.3d 637
 315 U.S.App.D.C. 76
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Michael R. FANNING, as Chief Executive Officer of the
Central Pension Fund of the International Union of
Operating Engineers and Participating
Employers, Appellee,
v.
STRESCON INDUSTRIES, INC., Appellant.
 No. 94-7155.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 16, 1995.
 
 Before: BUCKLEY, WILLIAMS and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the briefs filed by the parties and the oral argument of counsel. The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 36(b). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED that the judgment of the District Court is reversed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.R. 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Defendant Strescon Industries, Inc. appeals a grant of summary judgment against it in district court. At issue is Strescon's obligation to make pension contributions into the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("the Fund") for the vacation and holiday hours of its production and maintenance workers. An earlier dispute between Strescon and the trustee of the Fund over Strescon's obligation to make vacation and holiday contributions was resolved in the trustee's favor by the District Court for the District of Maryland. See Hammond v. Strescon Industries, Inc., Civ. No. B 81-812 (D.Md. Jan. 28, 1985). The administrative manager of the Fund commenced the present action in 1992, complaining that Strescon had failed to make required contributions for vacation and holiday time. The district court held that the plaintiff was entitled to summary judgment on its claim to recover unpaid vacation and holiday contributions, reasoning that the judgment in the 1985 proceeding precluded Strescon from relitigating its obligation to make these contributions. Gould v. Strescon Industries, Inc., Civ. No. 92-1354 (D.D.C. May 6, 1994).[1]
 
 
 5
 Issue preclusion is appropriate where an issue identical to the one in dispute was litigated and necessarily determined by a court of competent jurisdiction in an earlier proceeding and where precluding relitigation would not "work an unfairness" to either party. Otherson v. Department of Justice, I.N.S., 711 F.2d 267, 273 (D.C.Cir.1983). Where issue preclusion is the ground for a grant of summary judgment, as here, the issue in the later dispute must appear identical to the issue in the earlier dispute even when the facts are construed in the light most favorable to the non-moving party. See Poller v. Columbia Broadcasting Sys., Inc., 368 U.S. 464, 473 ("[W]e look at the record on summary judgment in the light most favorable to ... the party opposing the motion...."); National Ass'n of Gov't Employees v. Campbell, 593 F.2d 1023, 1027 (D.C.Cir.1978). Because we conclude that this standard has not been met here, we reverse the district court's entry of summary judgment for the plaintiff.
 
 
 6
 The court in Hammond was confronted with two potentially conflicting agreements governing Strescon's obligation to make vacation and holiday contributions. On the one hand, the parties' collective bargaining agreement required vacation and holiday contributions on the basis of "hours paid for." Hammond, Civ. No. B 81-812, Mem.Op. at 3. On the other hand, the "participating agreement" required contributions for "hours worked." Id. The court in Hammond noted that while the latter agreement "g[ave] an arguable basis for excluding vacation and holiday hours," the standing practice of the parties had been to include such hours in the pension contribution base. Id. The court concluded that the parties intended to require contributions for vacation and holiday hours and ordered Strescon to make such contributions for the period for which it had failed to do so.
 
 
 7
 Construing the facts in the present proceeding in the light most favorable to Strescon, the non-moving party, the proceeding involves both a different collective bargaining agreement and a different "standing practice" than in Hammond. First, the collective bargaining agreement now requires contributions for "hours worked" rather than "hours paid for," bringing it into conformity with the language in the participating agreement. See Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Opposition to Plaintiff's Cross-Motion for Summary Judgment, Gould v. Strescon Industries, Inc., Civ. No. 92-1354 (D.D.C.) (filed June 18, 1993), Exhibit A (affidavit of Charles T. Muntain), at 2. Likewise, the parties' standing practice with regard to pension contributions for vacation and holiday hours differs markedly from that in Hammond. See Memorandum in Support of Defendant's Motion for Summary Judgment, Gould v. Strescon Industries, Inc., Civ. No. 92-1354 (D.D.C.) (filed April 29, 1993), Exhibit A (affidavit of Joseph Nieberding), at 1 ("Subsequent to Judge Black's decision [in Hammond ], Strescon Industries, Inc. has not made any contributions based on holiday and vacation pay.").
 
 
 8
 Because under Strescon's version of the facts the collective bargaining agreement and the parties' standing practice are different now than they were at the time covered by the Hammond decision, the district court erred when it precluded Strescon from litigating the issue of its obligation to make pension contributions for vacation and holiday time. The judgment of the district court is therefore
 
 
 9
 Reversed.
 
 
 
 [1]
 The action was originally brought in the name of Frank Gould, the administrative manager of the Fund. Upon Gould's retirement, Michael R. Fanning, the chief executive officer of the Fund, was substituted as the named plaintiff. See Brief for Appellee at 2 n. 1